IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| WILLIAM AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT – INJUNCTIVE RELIEF SOUGHT

## I. INTRODUCTION

1. This action seeks a declaratory judgment that a certain decision of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"), was arbitrary, capricious, without factual support and contrary to law, together with an appropriate injunction. In the alternative, Plaintiff seeks a declaration that 26 U.S.C. § 5845(b) is unconstitutional on its face and as applied to Plaintiff, with an appropriate injunction.

–1–

## II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1346(a)(2).

3. Venue is proper because Plaintiff resides in this District and in this Division, and Defendant is present in this District and in this Division.

## III. PARTIES

4. Plaintiff is a United States citizen and legal resident of Pasco County, Florida.

5. Plaintiff sues in his own right and as successor in interest to Akins Group, Inc., a corporation organized under the laws of the State of Oregon, and which has been dissolved. Unless otherwise indicated, references to "Plaintiff" in this Complaint include Plaintiff as successor to Akins Group, Inc.

6. The Defendant is the United States.

## IV. FACTUAL BACKGROUND

7. On or about August 15, 2000, the United States Patent and Trademark Office issued Patent No. 6,101,918, for a device later to be called the "Akins Accelerator" to Plaintiff William Akins. The purpose of the

Akins Accelerator was "to increase the rate at which the trigger of a semi-automatic firearm can be actuated to discharge the weapon." As used throughout this Complaint, the term "Akins Accelerator" refers both to the subject of the Patent and the device manufactured and distributed by that name.

8. An abstract of the Patent is attached as **Exhibit A.**

9. On or about March 31, 2002, Akins submitted his Patent to the Firearms Technology Branch of the BATFE, for a classification of the Akins Accelerator under the National Firearms Act, 26 U.S.C. § 5801, *et. seq.* In particular, Akins inquired if the BATFE would consider the Akins Accelerator to be a machine gun as defined by 26 U.S.C. § 5845(b).

10. A copy of Akins' letter is attached as **Exhibit B.**

11. On or about July 28, 2003, the BATFE wrote Akins requesting a sample of the device (it did not yet have the name "Akins Accelerator").

12. A copy of the July 28 letter (the "First BATFE Letter") is attached as **Exhibit C.**

13. On or about October 20, 2003, the BATFE inexplicably wrote Akins a virtually identical letter to the First BATFE Letter.

14. A copy of the October 20, 2003 letter (the "Second BATFE Letter") is attached as **Exhibit D.**

15. On or about August 21, 2003, the BATFE received a prototype of the Akins Accelerator from Akins' business associate, Thomas Bowers.

16. On or about November 17, 2003, the BATFE wrote Bowers a letter stating that "the submitted stock assembly does not constitute a machinegun as defined in the NFA."

17. A copy of the November 17 letter (the "Third BATFE Letter") is attached as **Exhibit E.**

18. On or about January 21, 2004, Bowers wrote the BATFE requesting clarification of the Third BATFE Letter. In particular, Bowers inquired whether the determination that the device was not a machine gun was because the "crude sample" Bowers sent for examination did not operate as a machine gun, or because the BATFE was able to classify the device based on the intended design and operation.

19. A copy of Bowers letter is attached as **Exhibit F.**

20. On or about January 29, 2004, the BATFE replied to Bowers, stating, "Our classification of the stock assembly was rendered despite the fact

that [the device did not function as designed]. The theory of operation was clear even though the rifle/stock assembly did not perform as intended."

21. A copy of the January 29 letter, (the "Fourth BATFE Letter") is attached as **Exhibit G.**

22. 18 U.S.C. § 922(o) prohibits manufacture and distribution of machine guns to anyone other than federal, state, or local law enforcement agencies, or another manufacturer of machine guns. Because of the provisions of 18 U.S.C. § 922(o), the classification of a new (after 1986) device as a machine gun precludes its manufacture for general citizen purchase. Conversely, the classification of a device as not a machine gun opens the door to mass production and distribution.

23. Because the Akins Accelerator is a stock assembly to attach to a separate rifle, the Akins Accelerator is not subject to the regulatory jurisdiction of the BATFE at all if the Akins Accelerator is not a machine gun.

24. Based on the BATFE's classification that the Akins Accelerator is not a machine gun, Akins and Bowers began mass production and distribution

of Akins Accelerators through Akins' predecessor in interest, Akins Group, Inc.

25. On or about November 22, 2006, more than three years after BATFE's determination that the Akins Accelerator is not a machine gun, the BATFE wrote Bowers, as CEO of Akins Group, Inc., a letter advising him that the BATFE had examined an Akins Accelerator and determined that it is a machine gun. The letter also stated that the Third and Fourth BATFE Letters "are hereby overruled." The letter advised Bowers that Akins Group, Inc. either had to register its Akins Accelerators on hand as machine guns in accordance with 26 U.S.C. § 5822 or surrender them.

26. A copy of the November 22 letter (the "Fifth BATFE Letter") is attached as **Exhibit H.**

27. On or about December 13, 2006, the BATFE issued a generic ruling, ATF Rul. 2006-2, describing the Akins Accelerator and declaring it to be a machine gun.

28. A copy of ATF Rul. 2006-2 is attached as **Exhibit I.**

29. On or about February 6, 2007, counsel for Akins Group, Inc. requested reconsideration of the BATFE's classification of the Akins Accelerator as a machine gun.

30. A copy of that request is attached as **Exhibit J.**

31. On or about September 24, 2007, the BATFE responded to the request for reconsideration, stating that "the device should remain classified as a machinegun…."

32. A copy of the September 24 letter (the "Sixth BATFE Letter") is attached as **Exhibit K.**

33. Prior to the BATFE's issuance of the Fourth BATFE letter, Plaintiff Akins personally acquired four Akins Accelerators.

34. On or about January 19, 2007, BATFE required Akins Group, Inc. to remove recoil springs from all Akins Accelerators in inventory and surrender them to BATFE.

35. On or about January 19, 2007, BATFE required Plaintiff Akins to remove recoil springs from his personal Akins Accelerators and surrender them to BATFE.

36. The Akins Accelerator is non-functional and has no value without the spring that was confiscated by Defendant.

37. On or about February 18, 2008, Akins Group, Inc. assigned all rights and interests in claims it may have against Defendant to Plaintiff.

38. An Akins Accelerator, when intact with springs as designed and manufactured, and when attached to a weapon for which it is intended, does not shoot, is not designed to shoot, and cannot be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

39. An Akins Accelerator, when intact with springs as designed and manufactured, and when attached to a weapon for which it was intended, requires a separate function of the trigger for every shot discharged.

40. The Akins Accelerator, when intact with springs as designed and manufactured, is not a machine gun as defined by 18 U.S.C. 921 and 26 U.S.C. § 5845(b).

## Count I – Violation of Due Process

41. By determining that Plaintiff's property was a machine gun without a hearing, Defendant failed to provide Plaintiffs with the due process of law.

42. In classifying the Akins Accelerator as a machine gun, Defendant acted arbitrarily, capriciously, and without factual basis.

43. In the alternative, 26 U.S.C. § 5845(b) is unconstitutionally vague on its face and as applied to Plaintiff.

**Demand for Relief**

Plaintiff demands the following relief:

1. A declaration that the Akins Accelerator is not a machine gun.

2. An injunction prohibiting Defendant from treating the Akins Accelerator as a machine gun for any purpose.

3. In the alternative, a declaration that 26 U.S.C. § 5845(b) is unconstitutionally vague on its face and as applied to Plaintiff.

4. In the alternative, an injunction prohibiting Defendant from applying 26 U.S.C. 5845(b) so as to treat the Akins Accelerator as a machine gun.

5. Costs of bringing and maintaining this action, including attorney's fees.

6. Any other relief the Court deems proper.

Dated May 19, 2008

JOHN R. MONROE,
**TRIAL COUNSEL**

   /s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFF